# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| CAROL A. WHITLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CASE NO. 4:18CV1724 HEA |
| | ) | |
| PAUL D. BORJA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## AMENDED MEMORANDUM AND ORDER

This matter is before the Court *sua sponte*. The Court has examined the basis upon which this matter was removed and concludes that the Court is without subject matter jurisdiction. The matter is therefore remanded to the Circuit Court of St. Louis County, Missouri.

## Procedural Background

Plaintiff, a Missouri citizen, filed the instant action in the Circuit Court of St. Louis County, Missouri against Defendants on August 7, 2018. Plaintiff's petition is an action to quiet title. Defendants removed the case under 28 U.S.C. § 1446 on the bases of both federal question jurisdiction, 28 U.S.C. § 1331, and diversity jurisdiction, 28 U.S.C. § 1332. Defendants gives as grounds for federal question jurisdiction a reference in the petition to the Truth in Lending Act, 15 U.S.C. § 1601, *et seq*. As for diversity jurisdiction, Defendants claim that the only non-

fraudulently named defendant is Flagstar Bank, FSB, which is a citizen of Michigan.

**Legal Standards**

"A defendant may remove a state law claim to federal court only if the action originally could have been filed there." *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 619 (8th Cir. 2010) (citing *Phipps v. FDIC*, 417 F.3d 1006, 1010 (8th Cir. 2005)). The removing defendant bears the burden of establishing federal jurisdiction by a preponderance of the evidence. *Altimore v. Mount Mercy Coll.*, 420 F.3d 763, 768 (8th Cir. 2005). "All doubts about federal jurisdiction should be resolved in favor of remand to state court." *In re Prempro*, 591 F.3d at 620 (citing *Wilkinson v. Shackelford*, 478 F.3d 957, 963 (8th Cir. 2007)). A case must be remanded if, at anytime, it appears that the district court lacks subject-matter jurisdiction. 28 U.S.C. § 1447(c); Fed. R. Civ. P. 12(h)(3).

"[F]ederal question jurisdiction extends only to 'civil actions arising under the Constitution, laws, or treaties of the United States.'" *Mamot Feed Lot and Trucking v. Hobson*, 539 F.3d 898, 902 (8th Cir. 2008) (quoting 28 U.S.C. § 1331). "'Removal based on federal question jurisdiction is governed by the well pleaded complaint rule: jurisdiction is established only if a federal question is presented on the face of the plaintiff's properly pleaded complaint.'" *McLain v. Andersen Corp.*,

567 F.3d 956, 963–964 (8th Cir 2009) (quoting *Pet Quarters, Inc. v. Depository Trust and Clearing Corp.*, 559 F.3d 772, 779 (8th Cir. 2009)).

Diversity of citizenship jurisdiction under 28 U.S.C. § 1332 requires an amount in controversy greater than $75,000 and complete diversity of citizenship among the litigants. "Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship." *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007).

## Discussion

**Federal Question Jurisdiction**

Plaintiff's petition is titled "Quiet Title Suit in the Nature of a Common Law Claim." Therein, she states "[I] am moving this action pursuant to the authorities of Article I, Section 9 Missouri Constitution (1821) to Quiet Title against the Wrongdoers cf. V.A.M.S. § 527.150." V.A.M.S. § 527.150 states in pertinent part:

> Any person claiming any title, estate or interest in real property, whether the same be legal or equitable, certain or contingent, present or in reversion, or remainder, whether in possession or not, may institute an action against any person or persons having or claiming to have any title, estate or interest in such property, whether in possession or not, to ascertain and determine the estate, title and interest of said parties, respectively, in such real estate, and to define and adjudge by its judgment or decree the title, estate and interest of the parties severally in and to such real property.

Although the petition is styled as a state-law action to quiet title, Defendants argue that Plaintiff's claim arises under federal law due to Plaintiff's mention of

the Truth in Lending Act, 15 U.S.C. § 1635, ("TILA") in her petition. Plaintiff states in her petition that she mailed a notice of rescission to Defendants which was "supported by" TILA. Defendants claim that "it appears that Plaintiff pleads that the Defendants failed to recognize rescission of her mortgage loan in violation of [TILA.]"

The Court finds this argument unpersuasive. Plaintiff does not allege a claim under TILA, nor does she offer fact statements relating to the elements of a TILA claim. Evidently, none of the Defendants are the original mortgagee/creditor. The sole claim alleged by Plaintiff is to quiet title. Federal question jurisdiction does not exist.

**Diversity Jurisdiction**

Defendants allege that the only non-fraudulently joined defendant is Flagstar Bank, FSB ("Flagstar"). They argue that because Plaintiff and Flagstar are citizens of different states, and the amount in controversy is in excess of $75,000, diversity jurisdiction exists.

Fraudulent joinder is an exception to the rule that complete diversity of citizenship must exist both when the state petition is filed and when the petition for removal is filed. *Knudson v. Systems Painters, Inc.*, 634 F.3d 968, 976 (8th Cir.2011). "[A] plaintiff cannot defeat a defendant's 'right of removal' by fraudulently joining a defendant who has 'no real connection with the

controversy.'" *Id.* (quotation omitted). "The purpose of this exception is to strike a balance between the plaintiff's right to select a particular forum and the defendant's right to remove the case to federal court." *Id.* (citation omitted).

"Ordinarily, to prove that a plaintiff fraudulently joined a diversity-destroying defendant, [the Eighth Circuit has] required a defendant seeking removal to prove that the plaintiff's claim against the diversity-destroying defendant has 'no reasonable basis in fact and law.'" *Id.* at 977 (quoting *Filla v. Norfolk Southern Ry. Co.*, 336 F.3d 806, 810 (8th Cir.2003)). Under this standard, "if it is clear under governing state law that the complaint does not state a cause of action against the non-diverse defendant, the joinder is fraudulent and federal jurisdiction of the case should be retained." *Filla*, 336 F.3d at 810 (internal quotation marks omitted). As the Eighth Circuit explained in *Filla*,

> [T]he district court's task is limited to determining whether there is arguably a reasonable basis for predicting that the state law might impose liability based upon the facts involved. In making such a prediction, the district court should resolve all facts and ambiguities in the current controlling substantive law in the plaintiff's favor. However, in its review of a fraudulent-joinder claim, the court has no responsibility to definitively settle the ambiguous question of state law.

*Id.* at 811 (citations omitted). "[W]here the sufficiency of the complaint against the non-diverse defendant is questionable, 'the better practice is for the federal court not to decide the doubtful question ... but simply to remand the case and leave the question for the state courts to decide.'" *Id.*

5

Here, Defendant Providence Capital One, LLC ("Providence") is a citizen of Missouri and is properly joined in this quiet title action. According to Defendants, Providence is "an entity that subsequently purchased Plaintiff's property from Flagstar after Flagstar purchased the property at a foreclosure sale." It follows that Providence claims to hold title to the property in question. A cause of action to quiet title under Missouri law requires the plaintiff to show "(1) ownership in the described real estate; (2) that the defendant claims some title, estate or interest to or in said premises; and (3) said claim is adverse and prejudicial to plaintiff." *Kulovic v. BAC Home Loans Servicing, L.P.*, 4:10-CV-2058 (CAS), 2011 WL 1483374, at *10 (E.D. Mo. Apr. 19, 2011) (citing *Howard v. Radmanesh*, 586 S.W.2d 67, 67 (Mo. Ct. App. 1979)). Because Providence has acquired title to the property that is adverse to Plaintiff's claimed interest, there is an arguably reasonable basis for a quiet title action against Providence. Providence is a proper party to this quiet title action.

The Court need not examine the propriety of the other Missouri Defendants, as the existence of one non-diverse defendant destroys diversity jurisdiction. *See Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 83–84 (2005) ("When federal-court jurisdiction is predicated on the parties' diversity of citizenship, see § 1332, removal is permissible 'only if none of the parties in interest properly joined and

served as defendants is a citizen of the State in which [the] action [was] brought.' § 1441(b).").

As Providence is a properly joined defendant that is also a citizen of Missouri, diversity jurisdiction does not exist.

## Conclusion

Defendant has failed to establish the Court has jurisdiction over this matter. As such, this action must be remanded.

Accordingly,

**IT IS HEREBY ORDERED** that this matter is remanded to the Circuit Court of St. Louis County, Missouri.

An appropriate Order of Remand is entered this same date.

Dated this 21st day of June, 2019.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE